**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5948-17T2

J.B., f/k/a
J.L.C.C.,

     Plaintiff-Respondent,

v.

V.H.C.,

     Defendant-Appellant.

_____

          Submitted March 4, 2019 – Decided March 14, 2019

          Before Judges Haas and Mitterhoff.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-1216-99.

          V.H.C., appellant pro se.

          J.B., respondent pro se.

PER CURIAM

This post-judgment matrimonial matter returns to us after remand proceedings directed by our previous opinion. See J.L.C.C., n/k/a J.B. v. V.H.C., No. A-4067-14 (App. Div. Dec. 19, 2016). On remand, the matter was assigned to Judge Robert Fall, who conducted a two-day plenary hearing, and a later one-day supplemental hearing to address defendant's child support and alimony obligations. Judge Fall explained the basis for his rulings in a comprehensive ninety-one-page written opinion containing his detailed findings of fact and conclusions of law.

Defendant appeals from the July 23, 2018 order memorializing the judge's decision, and argues that the court erred in determining his support obligations. Based on our review of the record and the applicable law, we conclude that defendant's arguments are without sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons set forth in Judge Fall's thorough decision. We add the following brief comments.

The scope of our review of the Family Part's order is limited. We owe substantial deference to the Family Part's findings of fact because of that court's special expertise in family matters. Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). Thus, "[a] reviewing court should uphold the factual findings

undergirding the trial court's decision if they are supported by adequate, substantial and credible evidence on the record."  MacKinnon v. MacKinnon, 191 N.J. 240, 253-54 (2007) (alteration in original) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

While we owe no special deference to the judge's legal conclusions, Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), "we 'should not disturb the factual findings and legal conclusions of the trial judge unless . . . convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice' or when we determine the court has palpably abused its discretion."  Parish v. Parish, 412 N.J. Super. 39, 47 (App. Div. 2010) (alteration in original) (quoting Cesare, 154 N.J. at 412).  We will reverse the judge's decision "[o]nly when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' . . . to ensure that there is not a denial of justice."  N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007)).

Applying these principles, defendant's arguments concerning the July 23, 2018 order reveal nothing "so wide of the mark" that we could reasonably conclude that a clear mistake was made by the judge.  The record amply supports

the judge's factual findings and, in light of those findings, his legal conclusions are unassailable.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

4